12 CIV 6478



Michael Faillace [MF-8436]
Michael Faillace & Associates, P.C.
60 East 42nd Street, Suite 2020
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

Luis Tlacomulco Tenango *individually and on behalf
of others similarly situated,*

                *Plaintiff,*

           -against-

BAGEL MILL LLC (d/b/a Bagel Mill), Raj Doe and
Vikas Kumar,

                *Defendants.*

----------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Luis Tlacomulco Tenango individually and on behalf of others similarly situated

("Plaintiff"), by and through his attorneys, Michael Faillace & Associates, P.C., alleges upon

information and belief, and as against each of Defendants Bagel Mill LLC (d/b/a Bagel Mill),

("Defendant Corporation") Raj Doe and Vikas Kumar (collectively, "Defendants"), as follows:

### NATURE OF ACTION

1.      Plaintiff was an employee of Defendants Bagel Mill LLC (d/b/a Bagel Mill), Raj

Doe and Vikas Kumar who own and operate Bagel Mill.

2.      Bagel Mill is a Bagel Deli owned by Raj Doe and Vikas Kumar, located at 1700

First Avenue, New York, New York 10028.

1

3.    Upon information and belief, Defendants Raj Doe and Vikas Kumar serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the Bagel Deli as a joint or unified enterprise.

4.    Plaintiff was an employee of Defendants.

5.    Plaintiff worked long days in a Bagel Deli located at 1700 First Avenue, New York, New York, where he would perform the duties of a counter attendant, cashier and food preparer.

6.    Plaintiff regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours that he worked over 40 each week.

7.    Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff appropriately for any hours worked over 40.

8.    Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

9.    At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10.    Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages and overtime wage orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12,

§ 137-1.7 (2006) (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

11.    Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12.    This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a)

13.    Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

14.    Plaintiff Luis Tenango ("Plaintiff Tenango" or "Mr. Tenango") is an adult individual residing in New York, New York. Plaintiff Tenango was employed by Defendants from approximately 2003 until on or about July 2012.

15.    At all relevant times to this complaint, Plaintiff was employed by Defendants to perform counter attendant, cashier and food preparer duties at Bagel Mill located at 1700 First Avenue, New York, New York 10028.

16. Plaintiff consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### Defendants

17. Defendants own, operate and/or control a Bagel Deli located at 1700 First Avenue, New York, New York 10028 under the name of Bagel Mill, at all times relevant to this complaint.

18. Upon information and belief, Defendant Bagel Mill LLC ("Bagel Mill" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 1700 First Avenue, New York, New York 10028.

19. Defendant Raj Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

20. Defendant Raj Doe is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

21. Defendant Raj Doe possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

22. Defendant Raj Doe determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

23.     Defendant Raj Doe is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

24.     Defendant Vikas Kumar is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

25.     Defendant Vikas Kumar possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

26.     Defendant Vikas Kumar determined the wages and compensation of employees, including Plaintiff, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

### Defendants Constitute Joint Employers

27.     Defendants operate a Bagel Deli located at 1700 First Avenue, New York, New York 10028, and its address for service of process is the same.

28.     Individual Defendants Raj Doe and Vikas Kumar possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the

5

employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

31. Defendants jointly employed Plaintiff, and all similarly situated individuals, and are Plaintiff's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

32. In the alternative, Defendants constitute a single employer of Plaintiff and/or similarly situated individuals.

33. Upon information and belief, Individual Defendants Raj Doe and Vikas Kumar operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from their own selves, by, among other things:

(a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as separate and legally distinct entities;

(b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

(c) transferring assets and debts freely as between all Defendants;

(d) operating Defendant Corporation for their own benefit as the sole or majority shareholder(s);

(e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporations or closely controlled entity;

(f) intermingling assets and debts of their own with Defendant Corporation;

(g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)     other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and NYLL.

35.     Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff's services.

36.     In each year from 2006 to the present, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

37.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the Bagel deli on a daily basis were produced outside of the State of New York.

### Individual Plaintiff

38.     Plaintiff was a former employee of Defendants, primarily employed in performing the duties of a counter attendant, cashier and food preparer.

39.     Plaintiff seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

### Plaintiff Luis Tlacomulco Tenango

40.     Plaintiff Tenango was employed by Defendants from approximately 2003 until on or about July 2012.

7

41.    At all relevant times, Plaintiff Tenango was employed by Defendants to work as a counter attendant, cashier and food preparer.

42.    Plaintiff Tenango regularly handled goods in interstate commerce, such as food, condiments and supplies necessary to perform his duties as a counter attendant and food preparer that were produced outside of the State of New York.

43.    Plaintiff Tenango's work duties required neither discretion nor independent judgment.

44.    Throughout his employment, Plaintiff Tenango regularly worked in excess of 40 hours per week.

45.    From approximately August 2006 until July 2012, Plaintiff Tenango regularly worked a schedule from 5:00 a.m. to 5:00 p.m. seven days a week (typically 84 hours per week).

46.    Throughout his employment with Defendants, Plaintiff Tenango was paid his wages in cash.

47.    From approximately August 2006 until August 2011, Plaintiff Tenango was paid $8.50 per hour.

48.    From approximately August 2011 until on or about July 2012, Plaintiff Tenango was paid $9.00 per hour.

49.    Defendants did not provide Mr. Tenango with break periods of any kind during his work hours.

50.    Plaintiff Tenango was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device, such as sign in sheets or punch cards, to accurately reflect his actual hours worked.

51. Defendants did not provide Plaintiff Tenango with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

52. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Tenango regarding wages as required under the FLSA and NYLL.

53. Although Plaintiff Tenango received some nominal compensation in the form of tips, the owners always kept a portion of these tips.

*Defendants' General Employment Practices*

54. Defendants regularly required Plaintiff Tenango to work in excess of forty (40) hours per week without paying him the overtime wages.

55. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

56. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

57. Upon information and belief, this was done to disguise the actual number of hours Plaintiff Tenango worked, and to avoid paying Plaintiff Tenango properly for (1) his full hours worked, (2) minimum wage, (3) overtime wages, and (4) spread of hours pay.

58. Defendants also failed to post required wage and hour posters in the store, and did not provide Plaintiff with statutorily required wage and hour records or statements of his pay

9

received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's lack of sophistication in wage and hour laws.

59.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff (and similarly situated individuals) worked, and to avoid paying Plaintiff properly for (1) his full hours worked, and (2) for overtime due.

60.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

## FLSA COLLECTIVE ACTION CLAIMS

61.    Plaintiff brings his FLSA minimum wage, overtime, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Bagel Mill (the "FLSA Class").

62.    At all relevant times, Plaintiff and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage under the FLSA, the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, willfully taking improper wage deductions and other improper credits against Plaintiff's wages for which

Defendants did not qualify under the FLSA, and willfully failing to keep records required by the FLSA.

63.    The claims of Plaintiff stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

64.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65.    At all times relevant to this action, Defendants were Plaintiff's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

66.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

67.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

68.    Defendants failed to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

69.    Defendants' failure to pay Plaintiff (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

70.    Plaintiff (and the FLSA Class members) was damaged in an amount to be determined at trial.

11

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

71.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

72.     Defendants, in violation of the FLSA, failed to pay Plaintiff (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

73.     Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

74.     Plaintiff (and the FLSA Class members) was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

75.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

76.     At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

77.     Defendants, in violation of the NYLL, paid Plaintiff (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

78.    Defendants' failure to pay Plaintiff (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

79.    Plaintiff (and the FLSA Class Members) was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE NEW YORK STATE LABOR LAWS

80.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81.    Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

82.    Defendants failed to pay Plaintiff (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

83.    Defendants' failure to pay Plaintiff (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

84.    Plaintiff (and the FLSA Class Members) was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSIONER OF LABOR

85.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

86.    Defendants failed to pay Plaintiff (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 137-1.7 and 137-3.11.

87.    Defendants' failure to pay Plaintiff (and the FLSA Class members) an additional hour's pay for each day Plaintiff's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

88.    Plaintiff (and the FLSA Class members) was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b)    Declaring that Defendants have violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(c)    Declaring that Defendants have violated the overtime wage provisions of, and

associated rules and regulations under, the FLSA as to Plaintiff and the FLSA class members;

(d)    Declaring that Defendants have violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)    Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff and the FLSA class members;

(f)    Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)    Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)    Declaring that Defendants have violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(i)    Declaring that Defendants have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff and the members of the FLSA Class;

(j)    Declaring that Defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff and the members of the FLSA Class;

(k)    Declaring that Defendants have violated the recordkeeping requirements of the

15

NYLL with respect to Plaintiff's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff and the FLSA Class members;

(m) Awarding Plaintiff and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(o) Awarding Plaintiff and the FLSA class members pre-judgment and post-judgment interest as applicable;

(p) Awarding Plaintiff and the FLSA class members the expenses incurred in this action, including costs and attorney's fees; and

(q) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
        August 24, 2012

                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                        By:   Michael A. Faillace [MF-8436]
                              60 East 42nd Street, Suite 2020
                              New York, New York 10165
                              (212) 317-1200
                              *Attorneys for Plaintiff*